# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MONTRELL C. HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-3290-DDN |
| | ) | |
| LIEUTENANT HAWTHRONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Montrell C. Holmes, an inmate at the Boonville Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $17.09. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement. (ECF No. 7). A review of plaintiff's account indicates an average monthly deposit of $85.44 and an average monthly balance of $28.17. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $17.09, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Missouri Department of Corrections' Probation and Parole Office, and twenty-four individuals. His claims stem from events that occurred while he was incarcerated at the Eastern Reception and Diagnostic Correctional Center ("ERDCC") and the Transition Center of St. Louis ("TCSL). Twenty-one of the individual defendants work at ERDCC or TCSL, and are therefore Missouri Department of Corrections ("MDOC") employees. Two defendants are medical doctors at St. Louis University Hospital, and one defendant is a nurse who is employed by Corizon. Plaintiff states he sues the defendants in their individual and official capacities.

Plaintiff's claims appear to arise from separate events that occurred between August 10 and December 10, 2019 during his incarceration at ERDCC and TCSL. Among his many claims, plaintiff alleges that while he was incarcerated at TCSL he was subjected to cruel and unusual punishment, excessive force, coercion, humiliation, malicious motives, and assault, and deprivation of his religious freedom and due process. He alleges that while incarcerated at ERDCC he sustained an unspecified injury and was denied medical treatment. He complains that employees of ERDCC denied him "hygiene items, cleaning supplies, [and] watching basketball and boxing

on [a] facility computer." Plaintiff further alleges that at SLU Hospital, records were "falsified" and medical treatment was "forced" upon him. The complaint continues in this manner with plaintiff setting forth vague claims regarding events at the two penal institutions, and during an undefined medical procedure at SLU Hospital.

However, in setting forth the allegations in support of his claims, plaintiff offers only conclusory statements. For example, plaintiff alleges "I wasn't treated fairly, denied constitutional rights, I was targeted denied due process 'et al.,'" "my religious beliefs made fun of, denied access to complaint form," and "denied medical treatment, denied medical papers, denied rights." Plaintiff neither provides a factual underpinning for any of the statements, nor specifies which defendant or defendants engaged in the alleged wrongdoing. He seeks $1 million in actual damages and $1 million in punitive damages.

On January 11, 2020, plaintiff filed a letter to the Court purporting to amend the complaint. (ECF. No. 9). He sought to add five defendants to this action: two ERDCC corrections officers and the assistant warden; an unknown doctor or nurse; and one TCSL corrections officer. Plaintiff attached a "Statement of Claim" to his letter in which he appears to allege he sustained an injury at ERDCC and did not receive proper medical treatment.  Plaintiff did not submit a proposed amended complaint with his motion. Plaintiff has also filed two motions seeking the appointment of counsel. (ECF Nos. 2 and 8).

**Discussion**

The complaint is subject to dismissal. Plaintiff asserts nothing more than the "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to accept as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir.

4

2017). Plaintiff is required to allege facts showing how each named defendant was directly involved in, and personally responsible for, violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a casual link to, and direct responsibility for, the alleged deprivation of rights"). Merely listing the defendants in the caption is not sufficient to state a claim. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them). Finally, plaintiff's claims for damages against the MDOC are barred by the Eleventh Amendment.

Plaintiff also attempts to advance multiple claims against multiple defendants concerning unrelated events that occurred over approximately a four-month period while he was incarcerated at two different institutions, and during a medical procedure at SLU Hospital. This is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Therefore, plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Unrelated claims against different defendants belong in different suits, in part to ensure that prisoners pay the required filing fees.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. P. 18(a). Therefore, multiple claims against a single defendant are valid.

In consideration of plaintiff's *pro se* status, the Court will allow him to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff

6

names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

The Court now considers plaintiff's motions. The first is a letter to the Court, which was construed as a motion to amend the complaint. (ECF. No. 9). This motion will be denied for two reasons. First, plaintiff did not submit a proposed amended complaint with the motion. Instead, he merely identified persons he wished to add as defendants and described additional claims he wished to bring. This is an impermissible manner in which to bring claims before the Court. This Court will not analyze multiple filings in an effort to piece together plaintiff's claims. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a fully proposed amendment was not submitted with the motion). Second, the motion is moot because plaintiff can accomplish the goal of amending his complaint by complying with this order.

Plaintiff has also filed two motions to appoint counsel.  (ECF Nos. 2 and 8).  In civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motions without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

8

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.09 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two copies of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's Motions to Appoint Counsel (ECF Nos. 2 and 8) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 24th day of April, 2020.

                  /s/ David D. Noce
                **UNITED STATES MAGISTRATE JUDGE**