# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MONTRELL C. HOLMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 4:19-cv-3290-DDN |
| LIEUTENANT HAWTHRONE, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Montrell C. Holmes, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons explained below, plaintiff will be given the opportunity to file a second amended complaint.

### Background

Plaintiff initiated this action on December 16, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections' Probation and Parole Office and twenty-four individuals. Two of the individual defendants were medical doctors at St. Louis University Hospital, one was a nurse employed by Corizon, and the remaining twenty-one were Missouri Department of Corrections ("MDOC") employees.

Plaintiff claimed his rights were violated during separate and unrelated events that occurred over approximately a four-month period while he resided at the Eastern Reception and Diagnostic Correctional Center ("ERDCC") and the Transition Center of St. Louis ("TCSL). He also claimed his rights were violated during an unspecified medical procedure at St. Louis University Hospital. After filing the complaint, he filed a motion seeking to amend it to add additional defendants and claims. Upon initial review of the complaint, the Court determined that

plaintiff's allegations were vague and conclusory, and failed to state a plausible claim for relief. The Court also determined that plaintiff had impermissibly attempted to advance multiple unrelated claims against twenty-four defendants.

On April 24, 2020, the Court entered an order giving plaintiff the opportunity to file an amended complaint to cure the deficiencies. In that order, the Court clearly explained why the complaint was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. The Court specifically instructed plaintiff that he was required to set forth a short and plain statement of his claims showing entitlement to relief, that he must plead facts showing how each named defendant violated his rights, and that he may not advance unrelated claims against multiple defendants. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against the following seventeen defendants: the TCSL, Lieutenant Hawthrone, Korey Kyles, Sincerity Rutling, Chris Sarchett, Lieutenant Kuphea, Teresa Green, Lieutenant Lambe, Keith Davis, Lieutenant Manning, Sergeant Griffen, Sergeant Dowell, Ms. Jordan, Ms. Dent, Officer Davis, Unknown Beiter, and C. Highgrade. It appears plaintiff's claims arose during the time he resided at the TCSL.

The amended complaint contains the same defects as the original. First, plaintiff does not set forth a short and plain statement of his claims showing he is entitled to relief. Instead, he prepared the amended complaint in the form of a narrative that is far too long, and brims with irrelevant and redundant information. This makes it difficult to clearly discern plaintiff's actual

3

claims. Additionally, it appears plaintiff again attempts to present a case involving multiple unrelated claims against not one but seventeen defendants. For example, it appears plaintiff claims that in August of 2019 one defendant wrongfully denied him the opportunity to attend religious services, and in September of 2019 one defendant used excessive force against him, another defendant denied him access to the courts, another defendant refused to allow him to use the grievance procedure, and another defendant denied him hygienic items. Finally, as in the original complaint, plaintiff's allegations are largely conclusory.

In consideration of plaintiff's *pro se* status, the Court will give him the opportunity to file a second amended complaint. Plaintiff is advised that the second amended complaint will replace the original and the amended complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the second amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). <u>Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim</u>. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P.

4

8(a). Each statement must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). However, if plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence or series thereof. *See* Fed. R. Civ. P. 20(a)(2). In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits" in part "to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in the second amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

It is important that plaintiff allege facts explaining how each named defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim"

5

requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is advised he may not amend a pleading by filing separate documents. Instead, he must file a single, comprehensive second amended complaint that sets forth his claims for relief. After plaintiff files a second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff two copies of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion seeking leave to amend the original complaint (ECF No. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely file a second amended complaint in accordance with the instructions in this order shall result in the dismissal of this case, without prejudice and without further notice.

Dated this 23rd day of July, 2020.

                                                            **/s/  David D. Noce**
                                                          UNITED STATES MAGISTRATE JUDGE